IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AEGIS MOBILITY INC., <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendants*. | C.A. No. _____ <br><br><br> DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Aegis Mobility Inc. ("Aegis" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Google LLC ("Google" or "Defendant") alleging infringement of the following validly issued patent: U.S. Patent No. 8,948,784, titled "Monitoring geospatial context of a mobile device" (the "'784 Patent" or "Patent-in-Suit") attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Aegis Mobility Inc. is a Canadian company with its principle place of business at 8525 Baxter Place, Suite 200, Burnaby, British Columbia, Canada, V5A 4V7.

4. Defendant Google LLC is a limited liability company organized and existing under the laws of the State of Delaware and may be served via its registered agent Corporation Service Company at 251 Little Falls Dr., Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Delaware and the District of Delaware; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Delaware; (4) Defendant regularly conducts business within the State of Delaware and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this district; and (5) Defendant has a regular and established business in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the products which contain the infringing Patent-in-Suit's systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in this district; Defendant solicits and has solicited customers in the State of Delaware and in this district; and Defendant has paying customers who are residents of the State of Delaware and this district and who each use and have used the Defendant's products and services in the State of Delaware and in this district.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1400(b).

Defendant is incorporated in this district and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On February 3, 2015, United States Patent No. 8,948,784 titled "Monitoring Geospatial Context of a Mobile Device" was duly and legally issued by the United States Patent and Trademark Office. The '784 Patent is presumed valid and enforceable.

11. Plaintiff is the assignee of all right, title and interest in the '784 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '784 Patent.

12. The '784 Patent relates to mobile communication devices and communication management systems and to systems, methods, and interfaces for managing mobile communications devices utilizing communication profiles and mobile communication device contexts. (Ex. A at 1:20-24).

13. The invention disclosed in the Patent-in-Suit was not well-understood, routine, or conventional. At the time of '784 Patent's filing, there existed various problems in how mobile communications devices processed environmental inputs. For instance, the particular environment in which a mobile communication device is used, such as in a moving automobile, can impact the use of the mobile communication device, the safety of the specific users, and/or the safety of other individuals. (Ex. A at 1:35-39). One approach to mitigating this safety concern was through the use of a control algorithm that could allow or deny communication based on monitoring various environmental sensors, such as the placement of a parking brake, the detection of a vehicle in gear, vehicle velocity and/or a distance traveled. (Ex. A at 1: 60-64). But this

approach was inefficient in distinguishing urban driving conditions from a person in a parked car by merely measuring velocity and/or distance traveled. (Ex. A at 2:7-10).

14. In another embodiment, a control algorithm can intercept a request from a third party to initiate audio communication and then poll the mobile communication device or a third-party information system, such as calendaring software, in order to determine the availability for establishing the audio communication. (Ex. A at 2:15-21). However, at the time of the invention these approaches were inefficient because they increased communication initiation latencies due to synchronous polling of the mobile communication device. (Ex. A at 2:26-30). Additionally, these approaches generally do not facilitate management of outgoing communications by a user of a mobile device and/or the continued management of the mobile communication device once a communication channel has been established. (Ex. A at 2:29-34).

15. The '784 Patent addressed these dilemmas and others by teaching how to utilize context assessment algorithms to process environmental inputs into mobile device context information. (Ex. A at 2:40-44). Another embodiment teaches how a communication management system may determine how to route or process incoming calls to a mobile communication device using context information already received from the device rather than requiring an additional poll the mobile device for its context. (Ex. A. at 2:65 – 3:3). And another embodiment teaches how the communication management system can facilitate the provisioning and management of some aspects of a mobile communication device profile via various graphical interfaces. (Ex. A. at 3:13-20).

16. The claims of the '784 Patent do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in computerized electronic data communications

networks and an improved method for managing mobile device communication.

17. Moreover, the invention taught in the '784 Patent, which is rooted in utilizing context assessment algorithms based on inputs from various sensors, cannot be performed with pen and paper or in the human mind. And one of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the '784 Patent addresses problems rooted in limiting mobile device communication by aggregating information from mobile device sensors and/or other information sources, the solutions it teaches are not merely drawn to longstanding human activities.

## ACCUSED PRODUCTS

18. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Google Geofencing API (the "Accused Products" or "Accused Instrumentality").

## DEFENDANT'S INFRINGEMENT

19. Google instructs developers to: "Provide contextual experiences when users enter or leave an area of interest" and explains its "geofencing API allows you to define perimeters, also referred to as geofences, which surround the areas of interest." (*See* Ex. B, available at https://developers.google.com/location-context/geofencing). "Your app gets a notification when the device crosses a geofence, which allows you to provide a useful experience when users are in the vicinity." (*See* Ex. B).

20. "For example, an airline app can define a geofence around an airport when a flight reservation is near boarding time." (*See* Ex. B). "When the device crosses the geofence, the app can

send a notification that takes users to an activity that allows them to get their boarding pass." (*See* Ex. B).



*https://developers.google.com/location-context/geofencing*

**DEFENDANT'S PRIOR KNOWLEDGE**

21.     Defendant had knowledge that the Accused Product infringes the Patent-in-Suit. For instance, several of Defendant's patents cite to Plaintiff's patent applications that stem from the same provisional patent.

| Google Patent | Title | Citation |
| --- | --- | --- |
| 8,938,394 | Audio triggers based on context | Cites Plaintiff's application number US2008/0305780, titled "Management of mobile device communication sessions to reduce user distraction" and claims as priority the same provisional patent as the Patent-in-Suit |
| 9,037,125 | Detecting driving with a wearable computing device | Cites Plaintiff's application number AU2008/223015, titled Management of mobile device |

| | | |
|---|---|---|
| | | communication sessions to reduce user distraction" and claims as priority the same provisional patent as the Patent-in-Suit. |
| 9,154,984 | System and method for estimating network performance | Cites Plaintiff's application number US2008/0299954A1, titled Management of mobile device communication sessions to reduce user distraction" and claims as priority the same provisional patent as the Patent-in-Suit. |
| 9,363,636 | Sending geofence-related heuristics to multiple separate hardware components of mobile devices | Cites Plaintiff's application number US2008/0305808, titled "System and methods for monitoring the geospatial context associated with a mobile communication device" and claims as priority the same provisional patent as the Patent-in-Suit. |
| 10,212,269 | Multifactor drive mode determination | Cites Plaintiff's application number US2008/0299954, titled Management of mobile device communication sessions to reduce user distraction" and claims as priority the same provisional patent as the Patent-in-Suit. |

22. Additionally, Defendant became aware of Plaintiff's patented technology during meetings between the parties in 2007. During those meetings the parties discussed the application of contextual services initially to distracted driving and subsequently to a wider variety of services.

## COUNT I

**(Infringement of U.S. Patent No. 8,948,784)**

Direct Infringement – 35 U.S.C. § 271(a)

23. Plaintiff incorporates the above paragraphs herein by reference, the same as if set

forth herein.

24. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '784 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '784 systems and methods, in violation of 35 U.S.C. § 271.

25. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '784 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006). Specifically, Defendant provides and promotes an infringing API that it develops, tests, and troubleshoots. (*See*, Ex. B, https://developers.google.com/location-context/geofencing).

26. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '784 Patent, including at least Claim 1. Attached hereto as Exhibit C is an exemplary claim chart detailing representative infringement of Claim 1 of the Patent-in-Suit.

**Induced Infringement – 35 U.S.C. § 271(b)**

27. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

28. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '784 Patent in the State of Delaware, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products that require the accused technology for intended functionality, testing, configuration,

troubleshooting, and other utilization.

29. Defendant had knowledge of the Patent-in-Suit upon the filing of this Complaint. Additionally, Defendant had prior knowledge of the '784 Patent and the provisional patent (60/892,628) from which it stemmed, citing patents in the same family as the Patent-in-Suit at least five of its own patents. *See* ¶21.

30. Defendant knew the Accused Product infringes the '784 Patent and yet Defendant induced and continues to induce others—including partners, customers, and third parties—to directly infringe at least one claim of the '784 Patent under 35 U.S.C. § 271(b). Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

31. For example, Google induces its users to use the infringing Accused Product on its developer website, actively prompting infringement by directing others to "Provide useful information to your users when they are near an area of interest" and "Provide contextual experiences when users enter or leave an area of interest." *See* Ex. B. The same website provides others with a host of information on how to implement the infringing Accused Product.[1] These resources provide detailed directions on how to implement the infringing technology including explanations on geofencing principles and methods of interacting directly with the Accused Product to perform infringing activities.

---

[1] *See, e.g.*, https://developer.android.com/training/location/geofencing; https://developers.google.com/android/reference/com/google/android/gms/location/GeofencingClient; https://support.google.com/googleapi/answer/7014572?hl=en.

### Contributory Infringement – 35 U.S.C. § 271(c)

32. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

33. Defendant contributorily infringes on Plaintiff's '784 Patent.

34. Defendant had knowledge of the Patent-in-Suit upon the filing of this Complaint. Additionally, Defendant had prior knowledge of the '784 Patent and the provisional patent (60/892,628) from which it stemmed, citing patents in the same family as the Patent-in-Suit at least five of its own patents. *See* ¶21.

35. Defendant's Accused Product has no substantial non-infringing uses, and Defendant knows or should have known that the Accused Product is especially made and/or adapted for use as claimed in the '784 Patent. Indeed, the geofencing techniques described in the '784 Patent are incorporated into Defendant's Accused Product and are specifically designed to carry out infringing functionality.

### Willful Infringement

36. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

37. Defendant's infringement of the '784 Patent has been and continues to be willful. Defendant had knowledge of the Patent-in-Suit upon the filing of this Complaint. Additionally, Defendant had prior knowledge of the '784 Patent and the provisional patent (60/892,628) from which it stemmed, citing that provisional patent in at least five of its own patents. *See* 21. Defendant then implemented the teachings of the '784 Patent and yet willfully decided not to seek a license. Defendant's actions were egregious and in blatant disregard of the '784 Patent and Plaintiff's rights.

### Plaintiff Suffered Damages

38. Defendant's acts of infringement of the '784 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271.

### REQUEST FOR RELIEF

39. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a declaration that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '784 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, but not less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '784 Patent; and

(d) award Plaintiff all other relief that the Court may deem just and proper.

Dated: June 4, 2020                                   Respectfully submitted,

/s/ *James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, De 19806
(302) 449-9010
jlennon@devlinlawfirm.com

Kirk. J. Anderson (CA SBN 289043)
(*Pro Hac Vice forthcoming*)
kanderson@budolaw.com

BUDO LAW, P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

*Attorney(s) for Aegis Mobility, Inc.*